# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

BYRON GOINS, ET AL.

VERSUS

ILLINOIS NATIONAL INSURANCE CO., ET AL.

CIVIL ACTION

NO. 18-302-SDD-RLB

## ORDER

Before the Court is Illinois National Insurance Company's ("Illinois National") Motion to Compel Answers to the First Set of Request for Production of Documents and Interrogatories (R. Doc. 11) filed on June 1, 2018. The deadline for filing an opposition has expired. LR 7(f). Accordingly, the instant motion is unopposed.

**I.     Background**

Plaintiffs filed the instant action on February 20, 2018 in the 18th Judicial District Court, Iberville Parish, Louisiana. (R. Doc. 1-1). Illinois National removed the action on Friday, March 16, 2018. (R. Doc. 1).

On March 19, 2018, the following Monday, in addition to filing an Answer (R. Doc. 2), Illinois National served Interrogatories and Requests for Production on Plaintiffs (R. Doc. 11-3). Illinois National represents that Plaintiffs have not responded to the foregoing written discovery requests. (R. Doc. 11 at 1).

On May 8, 2018, the parties filed a Joint Status Report. (R. Doc. 7).

On May 22, 2018, the Court issued a Scheduling Order setting deadlines in this action, including a deadline to complete non-expert discovery by February 1, 2019. (R. Doc. 10).

On June 1, 2018, Illinois National filed the instant motion, which seeks an order requiring Plaintiffs to respond to the written discovery requests served three days after removal. (R. Doc. 11).

## II. Law and Analysis

### A. Timing of Discovery and Motion to Compel

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). "More than 21 days after the summons and complaint are served on a party," however, "a request under Rule 34 may be delivered . . . by that party to any plaintiff." Fed. R. Civ. P. 26(d)(2)(A)(ii). Such a "request is considered to have been served at the first Rule 26(f) conference." Fed. R. Civ. P. 26(d)(2)(B).

Illinois National served its Interrogatories and Requests for Production on Plaintiff on March 19, 2018. (R. Doc. 11-3). There is no indication in the record that the parties held a Rule 26(f) discovery conference over the weekend between removal of the action on March 16, 2018 and service of the discovery requests on March 19, 2018.[1]

Given that there is no evidence in the record that the parties held a Rule 26(f) conference prior to service of Illinois National's Interrogatories, the Court will not compel Plaintiffs to respond to those Interrogatories. Unless Illinois National indicates in a renewed motion that the

---

[1] The record does not indicate the precise date on which the parties held their initial Rule 26(f) conference. Rule 26(f) provides that, generally, "the parties must confer as soon as practicable--and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). In accordance with Rule 26(f), the Court required the parties to "hold their FRCP 26(f) scheduling conference at least 21 days before the date of the scheduling conference" set for May 22, 2018. (R. Doc. 4 at 1). The parties submitted a joint status report on May 8, 2018. (R. Doc. 7). The Court entered the parties' proposed deadlines and cancelled the scheduling conference. (R. Doc. 10).

Interrogatories were served after a Rule 26(f) conference, Illinois National must re-serve its Interrogatories prior to seeking any further relief from the Court regarding those interrogatories.

The record indicates, however, that Illinois National served its Requests for Production after service of the citation and petition in state court, which are the state variations of the "summons and complaint" referenced in Rule 26(d)(2)(A). *See* Fed. R. Civ. P. 81(c)(1) (The Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court."). In such a situation, service of Requests for Production is allowed prior to a Rule 26(f) conference, but service is deemed to occur on the date of the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(2)(B). Responses to Requests for Production "delivered under Rule 26(d)(2)" are due "within 30 days after the parties' first Rule 26(f) conference." Fed. R. Civ. P. 34(b)(2)(A). Given the record, the Court cannot determine whether 30 days had passed between the Rule 26(f) conference and the filing of the Motion to Compel on June 1, 2018. The Court will not compel Plaintiff to respond to Illinois National's Requests for Production at this time. Any renewed motion by Illinois National regarding these Requests for Production must indicate the date of the parties' Rule 26(f) conference and indicate that Plaintiff did not respond within 30 days of that date. As set forth below, however, an additional Rule 37 conference must be conducted before any such renewed motion may be filed.

      **B.**       **Illinois National's Rule 37(a)(1) Certificate**

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel. *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL

4373197, at *3 (M.D. La. Sept. 3, 2014); *see also Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention).

Defense counsel certifies that "she has attempted to resolve the issue of delinquent response to the First Set of Interrogatories and Request for Production of Documents by contacting plaintiff counsel via e-mail correspondence and phone numerous times between May 1, 2018 and May 31, 2018" but "Plaintiffs have failed to respond to the discovery." (R. Doc. 11 at 6). The certification does not represent that defense counsel attempted to confer in good faith. Furthermore, it is unclear from the certification whether an actual conversation between counsel took place with regard to the discovery dispute.

More importantly, it does not appear that any discovery responses would have been due during much of the timeframe defense counsel represents these contacts occurred or were attempted, depending on the date of the Rule 26(f) conference. Accordingly, the Court concludes that the requirements of Rule 37(a)(1) are not satisfied in this instance.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Illinois National's Motion to Compel Answers to the First Set of Request for Production of Documents and Interrogatories (R. Doc. 11) is **DENIED**. Any future Rule 37 certificate filed in this action must specifically set forth the following: (1) how the conference was scheduled and agreed upon, (2) who participated in the conference, (3) when the conference took place, (4) whether the conference was conducted by phone or in person, (5) the duration of the conference, (6) the specific, itemized topics that were addressed at the

4

conference, and (7) whether any issues were resolved by the parties.  In the alternative, the Rule 37 certificate must detail the moving counsel's good faith attempts to confer with opposing counsel and provide evidence that opposing counsel refused to confer after reasonable notice.

**Plaintiff's counsel is advised, however, that failure to respond to opposing counsel's attempts to resolve discovery disputes is unacceptable.  Furthermore, failure to submit any response to the Court, particularly to a motion to compel that alleges no responses have been provided, is likewise unacceptable.  Counsel is advised that a ruling on any renewed and proper motion to compel on these same grounds will include an order for sanctions and/or attorney's fees and costs, personal to counsel, in accordance with Rule 37.**

Signed in Baton Rouge, Louisiana, on June 28, 2018.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**